*403 MR. JUSTICE MORRISON
specially concurring:
I concur in the result but dissent from that portion of the opinion which relies upon a violation of the insurance code as the basis for an award of punitive damages.
The jury in this case was permitted to award punitive damages by making a finding that defendant insurance company failed to negotiate in good faith. It is true that the jury was instructed regarding the provisions of section 33-18-201(13), MCA, and that this statute could have formed the basis for their finding in favor of plaintiff and their resulting award of $30,000 in punitive damages. However, the jury was not instructed that a violation of the statute was required for their verdict and in fact they were given the option of simply returning a verdict in favor of plaintiff based upon the “bad faith” case law which has developed.
The majority opinion fails to deal with the question of whether a plaintiff can recover punitive damages in Montana in an action premised upon “bad faith” negotiation without a violation of the insurance code. Instead the majority relies upon the fact that, in this case, there was a violation of the insurance code as a matter of law and, therefore, any error in allowing the jury to return a verdict for plaintiff absent a finding of violation of the insurance code, would be harmless.
I do not agree that there was a violation of the insurance code as a matter of law. The question of whether this insurance company failed to promptly settle claims as a general business practice was a question for the jury.
Prior to our decision in Lipinski v. Flathead Title Co., (1982), 202 Mont. 1, 655 P.2d 970, 39 St.Rep. 2283 a plaintiff’s right to recover punitive damages for bad faith arising out of an insurance contract was not clearly recognized in absence of a statutory violation. However, in Lipinski we said:
“Should there be any doubt, we now expressly hold that insurance companies have a duty to act in good faith with their insureds, and that this duty exists independent of the *404 insurance contract and independent of statute.”
An award of punitive damages without a statutory violation was approved.
In this case the plaintiff presented the evidence from which a jury could find that defendant insurance company engaged in bad faith in its negotiation of this claim. The claim is grounded in tort. Therefore, this jury was entitled to make an award of punitive damages if it found defendant’s conduct was sufficiently culpable to satisfy the statutory requirements of oppression and/or implied malice.
I concur in the affirmance.